Stout *v.* The State.

No. 9895.

STOUT *v.* THE STATE.

CRIMINAL LAW.—*Indictment.*—*New Trial.*—*Evidence.*—Where the evidence fails to show that the defendant is guilty of the offence. charged in the indictment, his conviction will be contrary to law, and a new trial must be granted.

From the Monroe Circuit Court.

*J. R. East, W. H. East, J. E. Henley, J. W. Buskirk* and *W. C. L. Taylor,* for appellant.

*D. P. Baldwin,* Attorney General, *H. C. Duncan,* Prosecuting Attorney, and *G. W. Friedley,* for the State.

HOWK, J.—In this case, the indictment against the appellant, and four other named persons, contained two counts. In the first count, it was charged in substance, that the appellant and his co-defendants, "on the 11th day of May, A. D. 1881, in said county and State aforesaid, did then and there feloniously steal, take and carry away eight pairs of boots, of the value of $25, of the goods and chattels of Elsberry W. Crane then and there being found, contrary to the form of the statute," etc.

The second count of the indictment was apparently predicated on the same transaction as the one described in the first count, for the only material difference between the two counts consists in this, that, in the second count, the stolen property was charged to be "of the goods and chattels of the Louisville, New Albany and Chicago Railway Company."

The appellant and his co-defendants jointly interposed a verified plea in abatement to said indictment, to which plea the State's demurrer was sustained by the court, and to this ruling the defendants jointly excepted. The joint motion of the appellant and his co-defendants, to quash the indictment, was overruled by the court, and their exception was duly saved to this ruling. On arraignment, for plea to the indictment, the appellant and his co-defendants said that they were

not guilty as therein charged. The appellant, Daniel A. Stout, having been awarded a separate trial, the issues as to him were tried by a jury, and a verdict was returned finding him "guilty of grand larceny, as charged in the indictment," and assessing his punishment at imprisonment in the State's prison for two years, and a fine of five dollars, and disfranchisement and incapacity for holding any office of trust or profit for the period of two years. Over his motion for a new trial, and his exception saved, the court rendered judgment on the verdict.

The appellant has here assigned, as errors, the following decisions of the circuit court:

1. In sustaining the State's demurrer to his plea in abatement.

2. In overruling his motion to quash each count of the indictment; and,

3. In overruling his motion for a new trial.

The appellant's counsel have not, in their brief of this cause, discussed any question presented by, or arising under, the first two of these alleged errors; and therefore, under the settled practice of this court, those errors must be regarded as waived. This leaves for our consideration such questions only as are fairly presented by the alleged error of the court in overruling the motion for a new trial. Much of the able and elaborate brief of the appellant's counsel is devoted to a critical examination of the instructions given the jury by the court, of its own motion. The view which we feel constrained to take of this case, as made by the evidence in the record, renders it unnecessary for us to consider and pass upon the instructions complained of.

In his motion for a new trial, the appellant assigned as causes therefor, among others, that the verdict of the jury was not sustained by sufficient evidence, and that it was contrary to law. A careful reading and consideration of the evidence contained in the record have convinced us that these causes for a new trial were well assigned. Whatever else may

be said of the evidence, we are of the opinion that it did not show, nor tend to show, that the appellant was guilty of the larceny charged in the indictment. His conviction of larceny was not, as we think, sustained by the evidence, and, therefore, it was contrary to law.

For these reasons, it seems to us that the court clearly erred in overruling the appellant's motion for a new trial.

The judgment is reversed, and the cause is remanded with instructions to sustain the motion for a new trial. The clerk will issue the proper notice for the return of the appellant into the custody of the sheriff of Monroe county.