Mercer v. Corbin.

No. 13,554.

MERCER v. CORBIN.

ASSAULT AND BATTERY.—*Intent.*—There may be an actionable assault and battery, although there is no actual or specific intent to commit that offence.

SAME.—*Constructive Intent.*—*Riding Bicycle Against Footman.*—One who rudely, and in such a reckless manner as to show a disregard of consequences, rides his bicycle against a person standing upon a town sidewalk, is liable as for an assault and battery, the intent being implied.

SAME.—*Bicycle a "Vehicle."*—*Use Upon Sidewalk Unlawful.*—*Personal Injuries.*—*Damages.*—A bicycle is a vehicle within the meaning of the law, and, therefore, under section 3361, R. S. 1881, its use upon a public sidewalk is unlawful, and its rider liable for an injury inflicted upon a footman, although the act be unintentional.

SUPREME COURT.—*Questions Upon Exclusion of Evidence.*—*Bill of Exceptions.*—*Practice.*—Where all the evidence is not in the record, a question relating to the exclusion of evidence will not be considered, unless some statement is embodied in the bill of exceptions showing that the evidence was excluded because deemed intrinsically incompetent.

From the Miami Circuit Court.

*S. Keith, J. S. Slick, L. Walker* and *W. B. McClintic,* for appellant.

*E. Calkins, G. W. Holman, W. McMahan* and *J. L. Farrar,* for appellee.

ELLIOTT, C. J.—The single count of the complaint charges that the appellant "assaulted, beat and wounded the plaintiff." The answer is the general denial. The issue presented for trial, therefore, was, did the appellant commit an assault and battery upon the person of the appellee?

The material facts embodied in the special verdict may be thus summarized: On the afternoon of the 10th day of May, 1884, the appellee was standing on a public sidewalk in the town of Rochester. He was standing near the outer edge of the pavement, facing the northeast, and the appellant, coming from the west, rode a bicycle against him, threw him

down and severely injured him. The sidewalk was fourteen feet in width, and there was nothing to obstruct the view or passage of the appellant.

The verdict states that the "defendant carelessly, recklessly and rudely ran against and upon said Corbin."

If the appellant were charged with a tort, based on mere negligence, the right of recovery would be perfectly clear, for there can be no doubt that the appellant was guilty of culpable negligence. The complaint, however, does not proceed upon the theory that the wrong was a mere negligent one, and we can not sustain the recovery upon any other cause of action than that set forth in the complaint. *Feder* v. *Field, ante,* p. 386; *Palmer* v. *Chicago, etc., R. R. Co.,* 112 Ind. 250.

There must be something more than a mere negligent touching of a plaintiff's person in order to constitute an assault and battery. It is, however, not essential that there should be a direct or specific intention to commit an assault and battery at the time violence is done a plaintiff. The facts may be such as to create an implied or constructive intention to do a wrongful act, although there is no direct or specific unlawful intention. *Palmer* v. *Chicago, etc., R. R. Co., supra.* In the case referred to we said: "The authorities, from the earliest years of the common law, recognize the rule that there may be a wilful wrong without a direct design to do harm. The principle has been applied to furious driving, to collisions between vessels, to the taking of unruly animals into crowds, to carelessly laying out poison for rats, to want of caution towards drunken persons and to the careless casting of logs and the like upon highways. 1 Hale Pleas of the Crown (Am. ed.), 475, and authorities, n. 4; 4 Blackst. Com. 182."

The question is fully and well discussed by Mr. Bishop, who says: "There is little distinction, except in degree, between a positive will to do wrong and an indifference whether wrong is done or not." 1 Bishop Crim. Law, chapter 20.

The principle we are asserting is strikingly illustrated in the old cases wherein it was affirmed that if a man carelessly casts a log from a window upon a much frequented way and kills another, his offence is murder in the second degree, but if the log is cast upon a highway not much travelled, the offence is manslaughter.

Mr. Addison applies the general principle to cases of assault and battery, saying: "An assault may be committed without any design or intention to commit an assault; for, if the person of one man is violently struck by another, this is an assault; and it·is no answer to say that it was done unintentionally, as, for instance, in endeavoring to strike some one else. So, if a man drives against and violently upsets the plaintiff in his carriage, and knocks him down, or overturns the chair in which he is seated, the person thus striking the plaintiff, or knocking him down, is guilty of an assault, although he had no intention to commit an assault." 1 Addison Torts (Wood's ed.), 142.

In our own reports is found a very striking illustration of the principle we are discussing. In the case referred to, a man passing through a public park in the city of Indianapolis in the early morning aimed his pistol at a tree, drew the trigger and killed a lad who was several hundred yards distant, and who was unseen at the time the pistol was discharged, and the court held that the accused was guilty of manslaughter. *Flinn* v. *State*, 24 Ind. 286.

In the case of *Peterson* v. *Haffner*, 59 Ind. 130 (26 Am. Rep. 81), a boy, in sport, but wantonly, threw a piece of mortar at another boy and accidentally struck a third, and it was held that he had committed an assault and battery.

The defendant in the case of *State* v. *Myers*, 19 Iowa, 517, recklessly discharged a pistol into a crowd, but without any intention to hurt any one, and a conviction for assault and battery was sustained.

In *Bullock* v. *Babcock*, 3 Wend. 391, a boy aimed at a bas-

ket, the arrow struck the plaintiff, and it was held that an
action for assault and battery would lie.

It was held in *Commonwealth* v. *Lister*, 15 Phila. Rep.
405, that a man who fired a pistol intending to shoot
through the floor of a Pullman car, but accidentally hit a
bystander, was rightly convicted of assault and battery.

These cases fully serve our purpose, for they sufficiently
prove that there may be an actionable assault and battery,
although there is no actual or specific intent to commit that
offence. They are, in truth, no more than examples of the
general rule everywhere prevailing, that from recklessness
and wanton disregard of human life and safety malice and
criminal intent may be inferred. *Johnson* v. *McConnel*, 15
Hun, 293; *Ricker* v. *Freeman*, 50 N. H. 420; *Vandenburgh*
v. *Truax*, 4 Denio, 464; *Welch* v. *Durand*, 36 Conn. 182;
*Morris* v. *Platt*, 32 Conn. 75; *Clark* v. *Chambers*, L. R. 3 Q. B.
Div. 327; S. C. 17 Alb. L. J. 458; *Wright* v. *Clark*, 50
Verm. 130, 135; *Regina* v. *Salmon*, 23 Alb. L. J. 1.

The specific facts stated in the verdict justify the finding
of the jury that the act of the appellant was a rude and reck-
less one, and they also justify the legal conclusion that there
was such a reckless disregard of consequences as to imply an
intention to assault the appellee. They fully supply the
grounds for inferring the constructive intent which makes a
wrongful act wilful or intentional. There was at least ten
feet of the sidewalk entirely unobstructed, and the slightest
regard for the safety of the appellee would have enabled the
appellant to have avoided doing harm to him. There is no
reason why the appellant might not, with the slightest care,
have passed the appellee, and his failure to use this care im-
plies a willingness to inflict the injury which he did in fact
inflict upon the appellee. As the consequences of his wrong-
ful and reckless disregard of the rights of others led to the
injury, he must, under the familiar rule, be presumed to have
intended that such consequences should result. *Peterson* v.
*Haffner, supra.* If, therefore, it be conceded that the appel-

lant had a right to ride his bicycle upon a way set apart for the use of footmen, he is nevertheless liable in this action.

Whether the appellant had a right to ride his bicycle upon the footway is a question which deserves consideration. This question would be important in the absence of any statute, and it is the more important because of our statute, which reads thus: "It shall be unlawful for any person to ride or drive upon the brick, stone, plank, or gravel sidewalk of any town or village, or upon any similar sidewalk for the use of foot passengers by the side of any public highway in this State, unless in the necessary act of crossing the same." R. S. 1881, section 3361.

Sidewalks are intended for the use of pedestrians, and not for use by persons in vehicles. The manifest purpose of the statute is to preserve the sidewalks from use by persons in or on vehicles, and if a bicycle can be deemed a vehicle, then the appellant had no right to ride or drive his bicycle longitudinally along the sidewalk. If sidewalks are exclusively for the use of footmen, then bicycles, if they are vehicles, must not be ridden along them, since to affirm that sidewalks are exclusively for the use of footmen necessarily implies that they can not be travelled by vehicles. It would be a palpable contradiction to affirm that footmen have the exclusive right to use the sidewalks, and yet concede that persons not travelling as pedestrians may also rightfully use them. A person on a bicycle is certainly not a footman, and if not, then he makes an unlawful use of the sidewalk when he rides or drives his bicycle longitudinally along it. It would seem to follow that even if a bicycle can not be considered to be a vehicle, still it is unlawful to ride or drive it along a way set apart for the exclusive use of pedestrians. We think, however, that a bicycle must be regarded as a vehicle within the meaning of the law.

Webster defines a bicycle as a "two-wheeled velocipede," and a velocipede is defined to be a "light carriage." Sub-

stantially the same definition is given by a law-writer. 2 Am. & Eng. Encyclopædia of Law, 191.

Under these definitions it must be regarded as a sort of vehicle, and so the courts have regarded it. In one case, the title of which can not now be recalled, it was held that a bicycle was entitled to the "rights of the road," as other vehicles, and a driver of a wagon, who refused to turn to the right, and thus caused a collision with a bicycle, was held liable.

In *Taylor* v. *Goodwin*, L. R. 4 Q. B. D. 228, it was held that one riding on a bicycle may be convicted of furiously driving a carriage upon a highway under a statute forbidding such an act. In commenting on this case Mr. Irving Browne says : "This of course would exclude bicycles from sidewalks, which is quite necessary." 24 Alb. L. J. 282.

If we are right in holding that the appellant, while riding his bicycle along the sidewalk, was engaged in the performance of an unlawful act, another important element is added to the appellee's case, making his right of recovery entirely clear, for a man who does an unlawful act is liable for the consequences, although they may not have been intended. *Peterson* v. *Haffner, supra; Hood* v. *State*, 56 Ind. 263; *Binford* v. *Johnston*, 82 Ind. 426 ; *Weick* v. *Lander*, 75 Ill. 93.

The appellant complains that testimony offered by him was erroneously excluded, but the evidence is not in the record, nor is there any statement that the rejected testimony was the only testimony that was given upon the subject. For anything that appears, the testimony may have been excluded because it was nothing more than a repetition of testimony already given by the witness. A party who seeks the reversal of a judgment must bring to this court a record affirmatively showing a material error, for, in the absence of such a showing, the presumption is in favor of the regularity of the rulings of the trial court. We do not mean to hold that where testimony is excluded it is always necessary to incor-

porate all the evidence in the bill of exceptions; but we do hold, that where all the evidence is not incorporated in the bill, some statement must be made showing that it was excluded because deemed intrinsically incompetent. We should be glad to encourage a practice that will abbreviate the records, and we think that in many cases, where questions arise on instructions, or on rulings in admitting or excluding evidence, statements may be embodied in the bill of exceptions which will obviate the necessity of bringing all the evidence into the record.

Judgment affirmed.

Filed Feb. 23, 1889.