Filed Sept. 18, 1889.

---

No. 13,844.

## HOLLAND v. BARTCH.

NEGLIGENCE.—*Bicycle.*—*Rights of Road.*—A bicycle is a vehicle, and is entitled to the rights of the road equally with a carriage or other vehicle.

SAME.—*Frightened Horses.*—*Liability of Bicycle Rider.*—The riding of a bicycle in the center of a highway, at a speed of fifteen miles an hour, to within twenty-five feet of horses attached to a carriage going in the opposite direction, is not negligence, rendering the rider of the bicycle liable for injuries caused to the occupant of the carriage by the horses taking fright.

SAME.—*What Necessary to Liability.*—To make the rider of a bicycle, who is proceeding along a public highway, liable for injuries caused by horses taking fright at his machine, which he propels at a speed of fifteen miles an hour until near the horses, it must be shown that the acts done by him were done at a time, or in a manner, or under circumstances, which showed a disregard for the rights of others.

SAME.—*Complaint.*—*Motion to Make Specific.*—Where a complaint charges the defendant, in general terms, with negligence in riding a bicyle upon a public highway, whereby the plaintiff's horse was frightened and ran away, thereby injuring him, a motion to have it made more specific by stating the particular acts constituting the negligence of the defendant should be sustained.

From the Wayne Circuit Court.

*C. C. Binkley*, for appellant.

*T. J. Study*, for appellee.

OLDS, J.—This is an action for damages. The first para-

graph of the complaint alleges that " the plaintiff, on the 16th day of August, 1885, was seated in a two-seated carriage, to which two gentle and well broken horses, both properly harnessed with good and sufficient harness, were properly and securely attached and hitched in the usual way, which said horses were then and there carefully and properly driven by a careful and competent driver seated in said carriage, and was then and there driving said team and carriage in which plaintiff was seated as aforesaid, on the public road and highway leading from Cambridge City, Indiana, to Jacksonburg; and when about two miles east of said Cambridge City, and in said county of Wayne, and driving carefully along and upon said highway, and in the part thereof usually driven upon by such teams and carriages, they were met at the place in said highway last above named by said defendant, seated upon and riding a large bicycle, the wheel of which bicycle was sixty inches in diameter, who then and there negligently and carelessly rode said bicycle at a rapid rate of speed, to wit, fifteen miles per hour, and negligently and carelessly ran the same along and in the center of said highway, at said rapid rate of speed, towards and into the faces of said horses, and in this way approached to within twenty-five feet of the faces of said horses, when and whereby said horses became and were greatly frightened, and became and were wholly unmanageable, and ran away, and in their fright ran along said road at a great speed, and upset said carriage, whereby the plaintiff was thrown violently to the ground," and sustained severe injuries, etc.

The averments of the defendant's acts of negligence are the same in the second and third paragraphs of the complaint as in the first paragraph. There is a variance as to some other averments, it being averred in the second that the strap by which one of the horses was fastened to the end of the pole of the carriage broke, and after the horses became frightened, the defendant dismounted and took hold of the

bridle of one of the horses and endeavored to hold them, but let go of the horse before the driver dismounted.

The infancy of the defendant was suggested, and Reuben Bartch was appointed as his guardian *ad litem.* The defendant moved the court to require the plaintiff to make her complaint more specific as to how and in what manner the defendant rode and used said bicycle negligently and carelessly, and in what the alleged carelessness and negligence of the defendant consisted in the use of the said bicycle, and what acts and conduct of the defendant in riding and using said bicycle were negligently and carelessly done and performed by him, by reason of which said horses were frightened and caused to run away, causing said injuries to the plaintiff alleged in the complaint. Which motion to make each paragraph of said complaint more specific was sustained by the court, and exceptions reserved. The plaintiff refused to amend said paragraphs and make them more specific, and assigns the ruling of the court on the motion as error.

The allegations of the defendant's negligence in these paragraphs of complaint, in brief, charge that the plaintiff and defendant were travelling towards each other upon the highway, the plaintiff in her carriage and the defendant upon his bicycle, and that the defendant then and there negligently and carelessly rode his bicycle, at the rate of speed of fifteen miles per hour, up to and within twenty-five feet of the faces of the horses drawing the carriage in which the plaintiff was seated, whereby the horses became and were greatly frightened and became and were wholly unmanageable.

The allegations of negligence are general, and the theory we take of these paragraphs of complaint is that the negligence sought to be charged consists in the manner in which the defendant rode the bicycle, and not in the fact that he rode it at the rate of fifteen miles per hour, or along the center of the road to and within twenty-five feet of the faces of the plaintiff's horses.

Taking the theory we do of these paragraphs of the com-

plaint, the defendant had the right to have the court require the plaintiff to make her complaint more specific by stating the particular acts constituting the negligence in the riding of the bicycle, that he might know with what particular acts of negligence he was charged. *Cincinnati, etc., R. R. Co.* v. *Chester,* 57 Ind. 297; *Hawley* v. *Williams,* 90 Ind. 160; *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160.

The third paragraph differs somewhat from the first and second in the language used, but the acts charged are the same as in the other paragraphs, and we think the ruling of the court in sustaining the motion to make each paragraph of the complaint more specific was correct.

The next errors assigned are the sustaining the demurrers to the fourth and fifth paragraphs of the complaint.

The fourth paragraph is substantially the same as the first, except in the allegations of the negligence of the defendant, which are as follows: " Plaintiff was met at said place in said highway and public road by said defendant, who was then and there seated upon and riding a large bicycle, whose wheel was sixty inches in diameter, which said bicycle, with a rider seated upon it, as was well known to said defendant, was an unusual vehicle with which to travel upon such highway, and as he well knew was a frightful object for ordinary horses to meet, and was well calculated to and did frighten horses unaccustomed to meeting such vehicles with a rider mounted thereon ; and well knowing these things, said defendant rode such bicycle at a very rapid rate of speed, to wit, at the rate of fifteen miles per hour, towards and into the faces of said horses, along and upon the middle of said highway, coming towards said horses until he approached to within twenty-five feet of the faces of said horses, which said act of riding said bicycle at such rapid rate of speed, and on and upon the center of said highway, until he approached within said twenty-five feet of the faces of said horses, knowing, as he well did, the effect of the same upon horses being driven

on such highway, was negligent and careless; and by such act of so negligently and carelessly riding said bicycle so up in front of and in the faces of said horses, said horses then and there and thereby became and were greatly frightened, and became and were wholly unmanageable," and in their fright ran away, etc.

The fifth paragraph only differs from the fourth in that it alleges that when the horses became frightened they jumped back, and one of the straps fastened to the end of the buggy pole broke, and defendant dismounted and seized the bridle-rein of one of the horses, and undertook to hold said horse until the driver could alight and hold the other horse, and the driver jumped from the carriage, and before he could get to and seize and hold the other horse, the defendant carelessly and negligently released his hold upon the horse so held by him, and the horses ran away and injured the plaintiff.

It is manifest that the defendant is not liable under this paragraph of the complaint, unless he is liable for causing the original fright of the horses.

The liability of the defendant sought to be charged in this paragraph, as in the other, is in causing the horses to become frightened. The injury is the primary result of the fright to the horses.

In determining the sufficiency of these paragraphs of complaint, it is proper to consider the rights of the parties. The acts of negligence charged in each of these paragraphs of complaint is the riding of the bicycle upon and along the center of the highway, at the rate of fifteen miles per hour, up to and within twenty-five feet of the faces of the horses.

In the case of *Mercer* v. *Corbin*, 117 Ind. 450, it is held that a bicycle is a vehicle, and entitled to the rights of the road, and has no lawful right to the use of the sidewalk.

In the case of *State* v. *Collins*, 17 Atl. Rep. 131, decided by the Supreme Court of Rhode Island, the court says : " The question raised by the exceptions is whether a bicycle is a carriage or vehicle, within the meaning of Pub. St. R. I. c.

66, section 1, which enacts that ' every person travelling with any carriage or other vehicle, who shall meet any other person so travelling on any highway or bridge, shall seasonably drive his carriage or vehicle to the right of the center of the travelled part of the road, so as to enable such person to pass with his carriage or vehicle without interference or interruption.' We are of the opinion that it is a carriage or vehicle which carries a person mounted upon it, and which is propelled and driven by him. The word ' vehicle ' is certainly broad enough to include any machine which is used and driven on the travelled part of the highway for the purpose of conveyance upon the highway. The purpose of the section is to prevent accident or collision, and such accident or collision may happen from a bicycle and other carriage meeting, unless the rule laid down in the section is observed."

In the case of *Taylor* v. *Goodwin*, L. R., 4 Q. B. Div. 228 (27 W. R. 489), a bicycle was held to be a carriage.

Although but few courts have passed upon and defined the rights of persons riding upon and propelling or driving bicycles, yet such as have, unanimously place them upon an equality and governed by the same rule as persons riding or driving any other vehicle or carriage, and we think this the proper rule to adopt. Although the use of the bicycle, for the purpose of locomotion and travel, is quite modern, yet it is a vehicle of great convenience, and its use is becoming quite common ; while travelling upon the highways by means of horses has been in vogue much longer, and is more universal at present than by means of bicycles, yet persons travelling by means of horses have no superior rights to those travelling upon the highway by improved methods of travel which are adapted to and consistent with the proper use of the highway.

In the case of the *Wabash, etc., R. W. Co.* v. *Farver*, 111 Ind. 195, speaking of the use of a portable engine, the court says: " It would not do to say that the operation of a portable engine, near a public highway, necessarily resulted in

creating a nuisance, when it is according to daily experience, during certain seasons of the year, to see steam threshing-machines in operation on every hand, and often necessarily close to public highways. Road engines propelled by steam, and portable engines operated by steam, have become familiar in every agricultural community. To declare that their use near, or their passage over, a public highway constituted a nuisance, would be practically to prohibit their use in the manner in which they are customarily employed and moved from place to place. It must be supposed that horses of ordinary gentleness have become so familiar with these objects as to be safe, when under careful guidance." The same may be said of bicycles; to declare their use upon the public highways a nuisance would prohibit their use in the manner in which they are intended, and it must be supposed that horses of ordinary gentleness have become so familiar with them as not to scare at them, and as to be safe when under careful guidance.

In the case of *Macomber* v. *Nichols*, 34 Mich. 212, the court says: " Injury alone will never support an action on the case ; there must be a concurrence of injury and wrong. If a man does an act that is not unlawful in itself he can not be held responsible for any resulting injury unless he does it at a time or in a manner or under circumstances which render him chargeable with a want of proper regard for the rights of others. In such a case the negligence imputable to him constitutes the wrong, and he is accountable to persons injured, not because damage has resulted from his doing the act, but because its being done negligently or without due care has resulted in injury. If the act was not wrongful in itself, the wrong must necessarily be sought for in the time or manner or circumstances under which it was performed, and injury does not prove the wrong, but only makes out the case for redress after the wrong is established."

In this case the acts complained of in each paragraph of the complaint are the riding of the bicycle in the center of the

Holland *v.* Bartch.

highway, at the rate of fifteen miles per hour, to and within twenty-five feet of the faces of the plaintiff's horses. It is these acts which are charged as negligence and as a wrong, but, as we have held, they are not unlawful acts and are not a wrong, hence they constitute no cause of action. To make a person liable for the doing of such acts they must be charged to have been done at a time, or in a manner, or under circumstances which render him chargeable with a want of proper regard for the rights of others, which is not done in either paragraph of the complaint. While the use of the locomotive is of infinitely more benefit than the bicycle in affording means of travel, so the danger arising from its use is also infinitely greater, yet the horse, the locomotive and the bicycle are all used as affording a means of travel, and more or less danger attaches to each. In discussing the liability of horses to become frightened at the locomotive, the learned Judge COOLEY, in delivering the opinion in *Macomber* v. *Nichols, supra,* says:

"Horses may be, and often are, frightened by locomotives in both town and country, but it would be as reasonable to treat the horse as a public nuisance from his tendency to shy and be frightened by unaccustomed objects, as to regard the locomotive as a public nuisance from its tendency to frighten the horse. The use of the one may impose upon the manager of the other the obligation of additional care and vigilance beyond what would otherwise be essential." Further on in the opinion he says: "If one in making use of his own means of locomotion is injured by the act or omission of the other, the question is not one of superior privilege, but it is a question whether, under all the circumstances, there is negligence imputable to some one, and if so, who should be accountable for it."

The complaint in this case proceeds, and it can only be held good, on the theory that the plaintiff, riding in her carriage, had rights superior to the defendant, who was riding upon his bicycle, and such is not the law. They met upon

the highway, each possessing equal rights to the use of it, for riding and driving their respective vehicles.

The fourth and fifth paragraphs of the complaint were each insufficient, and the court properly sustained the demurrers thereto.

There is no error in the ruling of the court.

Judgment affirmed, with costs.

Filed Sept. 18, 1889.