## REYNOLDS *v.* PIERSON ET AL.

[No. 3,611.   Filed June 5, 1902.]

APPEAL AND ERROR.—*Harmless Error.*—Available error can not be predicated upon the action of the court in sustaining a demurrer to a paragraph of complaint, where proof of same facts was admissible under another paragraph. *p. 274.*

ASSAULT AND BATTERY.—*Personal Injuries.*—*Proximate Cause.*—Plaintiff, a man sixty-eight years of age, was standing talking to a friend, who had hold of his arm or coat sleeve, when defendant approached and took hold of the arm of the mutual friend and jerked and pulled him with sufficient force that plaintiff was thrown down and injured. The greeting was friendly and there was no intention on the part of defendant to injure plaintiff. *Held,* that defendant was liable in damages for the injury sustained. *pp. 274-276.*

TRIAL.—*Misconduct of Counsel.*—Alleged misconduct of counsel in argument will not be reviewed on appeal, where the attention of the trial court was not called to it at the time. *pp. 276, 277.*

From Marion Superior Court; *J. M. Leathers*, Judge.

Action by John W. Pierson against William E. Reynolds for damages resulting from a constructive assault. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. Irwin* and *O. U. Newman*, for appellant.

*W. H. H. Miller, J. B. Elam, J. W. Fesler* and *S. D. Miller*, for appellees.

ROBY, J.—Appellees are the representatives of John W. Pierson, deceased. The action was brought by him against appellant, and after judgment, appellees were substituted for the deceased. It was averred in the complaint that appellant, in a rude and insolent manner, unlawfully assaulted the plaintiff with force and violence, and committed an assault and battery upon him, by reason of which he received injuries to his damage. Appellant answered in three paragraphs,—the first a general denial. A demurrer was sustained to the second paragraph, and overruled as to the third. Proof was admissible of the same facts under the third as would have been under the second paragraph. There was therefore no error in sustaining the demurrer. *Claypool* v. *Jaqua*, 135 Ind. 499, 505.

The first reason for a new trial set out in appellant's motion therefor was that the verdict is not sustained by sufficient evidence. The second was that the verdict was contrary to law. There is very little conflict in the evidence. The plaintiff a man sixty-eight years of age engaged in business at the Union Stock Yards, in Indianapolis, was standing in one of the alleyways of the Inter-State Stock Yards in said city. He was greeted as he came up by one Wm. O. Trotter, who addressed him as "Uncle John," took hold of his left arm or coat sleeve, shook him, and inquired

Reynolds *v.* Pierson.

jokingly whether he had come over to the new yards to run them out of business. There were a number of other parties present. Appellant who was a large man weighing about 225 pounds, thirty-five years of age, came walking briskly down to the yards from the office building, and as he passed Trotter, who was still holding Pierson's arm or sleeve, appellant took hold of his arm and jerked and pulled him with sufficient force, so that Pierson, upon whose arm Trotter retained his hold, was thereby thrown and injured. Appellant passed on down the alley, and did not at the time notice that Pierson was thrown or hurt.

The appellant's claim is: That no intention to injure Pierson existed; that he was on good terms with both Pierson and Trotter. They—he and Trotter—were accustomed to the kind of greeting and sport appellant attempted to engage Trotter in. It was their usual and customary greeting; that the injury suffered by plaintiff was an extraordinary, unusual, and unnatural result, and not such as might have been reasonably expected from the act, and therefore not the proximate effect of the act complained of; that the injury was the result of a pure accident.

The facts shown are sufficient to condemn the habit of so-called "horse play" between grown men. The defense relied upon has been many times tersely expressed by younger people in the phrase, "I didn't mean to." Plaintiff was injured through no fault of his own. His right to be secure in person was violated. The appellant was responsible therefor. His act was the primary cause of the plaintiff's injury. The verdict of the jury is not, therefore, unsupported. The evidence also justified the legal conclusion that there was such a reckless disregard of consequences on the part of the appellant as to imply an intention to assault plaintiff. The evidence supplies grounds for inferring the constructive intent which makes a wrongful act wilful. There is no reason why the appellant might not have passed without interfering with the person of anyone, and his fail-

ure to do so implies the willingness to inflict an injury which in fact he did inflict. *Mercer* v. *Corbin,* 117 Ind. 450, 453, 3 L. R. A. 221, 10 Am. St. 76; *Peterson* v. *Haffner,* 59 Ind. 130, 26 Am. Rep. 81. Appellant took hold of Trotter, and by force applied to him, and through him communicated to the plaintiff, caused the plaintiff to be thrown and injured. In *Peterson* v. *Haffner, supra,* the medium or instrument by means of which the injury was inflicted was some mortar picked up and thrown. The character of the instrument used in committing an assault is immaterial, so far as the legal consequences thereof are concerned.

The first instruction requested by appellant, and refused by the court, included the statement that before the jury could find for the plaintiff, it must find that the defendant's act was the cause of his injury. In the tenth instruction, given by the court of its own motion, the jury were told that if the injuries complained of were not the direct and approximate consequence or result of the alleged wrongful act of the appellant, there could be no recovery against him. The proposition having been once stated, there was no error in refusing to repeat it. *Hamilton* v. *Hanneman,* 20 Ind. App. 16. The objection made to the second and fourth instructions requested and refused has been considered in discussing the first two causes for a new trial. The third instruction requested and refused, while it might not be incorrect as an abstract statement of law, would, in view of the evidence, have tended to confuse, rather than enlighten, the jury, and was therefore properly refused. Most of the objections made to the instructions given by the court upon its own motion are disposed of by what has heretofore been said. The statement of issues, in so far as it was incorrect, was not harmful to the appellant.

The sixth and seventh reasons for a new trial were based upon the alleged misconduct of appellees' attorney in argument. It is not possible to draw an arbitrary line beyond

which counsel may not go in argument and illustration. The requirement that the trial judge have his attention called to the alleged misconduct at the time is therefore a matter of substance. *Reed* v. *State,* 141 Ind. 116, 119. This does not seem to have been done. The proposition of law enforced by the illustration to which complaint is made was a correct one, and it is not, therefore, probable that it was the means of securing a wrong verdict. *Hambarger* v. *Carey,* 145 Ind. 324.

Judgment affirmed.