WEBER, by guardian *ad litem,* Respondent, vs. SWALLOW, Appellant.

*May 9—June 5, 1908.*

*Automobiles: Bicycles: Use of streets: Collision: Negligence.*

1. As to their reciprocal duties when approaching one another at the intersection of streets a bicyclist and an automobilist are governed by the common-law rule, each being bound to exercise reasonable care.

2. Findings of the jury that an automobilist in such a case was negligent are *held* to be sustained by the evidence.

3. Plaintiff while riding a bicycle westward on the north side of a street collided at the intersection of a cross street with an automobile which had just crossed from the south side of the street, behind an eastbound street car, for the purpose of going north on the cross street. Upon the evidence it is *held* that plaintiff was guilty of contributory negligence either in failing to keep a proper lookout or in riding so near the street car and at such a speed as to render the collision inevitable.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

Some time after 6 o'clock on the evening of June 25, 1906, plaintiff, a boy between sixteen and seventeen years of age, was riding a bicycle westward along the north side of Wisconsin street in the city of Milwaukee. Defendant was coming eastward on the south side of the street in an automobile, and shortly before coming to Jefferson street, which intersects Wisconsin street at right angles, turned northward for the purpose of going north on Jefferson street. He turned directly back of a street car going eastward on Wisconsin street. Within the square of the intersecting streets the plaintiff's bicycle and the defendant's automobile collided, and the plaintiff was thrown against and over the lamp on the left side of the automobile, breaking the lamp, and falling to the ground some feet west of the point of collision. Plaintiff's leg was broken and he was otherwise bruised and injured, and as a result he suffered injuries which in some respects appear to be permanent. · Plaintiff brought his action for damages, alleging that his injuries were due to defendant's negligence.

The evidence is in conflict as to the place where the collision occurred and as to the exact location of each party on the intersecting streets. There is evidence tending to show that plaintiff was riding his bicycle at the usual rate of speed and in the usual manner. Other evidence tends to show that

he was riding rather fast and was leaning over his handle-bars. He testified that he was within a few feet of the north curbstone. Other witnesses locate him at points from near the north curbstone to within a little north of the north rail of the north track of the street-car line. If he was at the extreme point to the north, as testified to by himself, the automobile must have emerged from behind the car into plaintiff's view at a point from twenty-five to thirty feet distant from the point of collision, and plaintiff must have been nearly the same distance east of the point of collision. If plaintiff was at the point nearest the north street-car track referred to in the evidence, then the automobile emerged from behind the car into plaintiff's view when only a few feet distant from the point of collision, and plaintiff's position relative to the point of collision was practically the same distance.

The jury rendered a special verdict and found (1) that the driver of the automobile ought, in the exercise of ordinary care, to have seen plaintiff in time to have avoided collision with him; (2) that under the circumstances of the case he ran the automobile at an unreasonable rate of speed at or just prior to the collision; (3) that his negligence in these respects was the proximate cause of the injury; and (4) that plaintiff was free from the want of any ordinary care which contributed to the injuries. The court awarded plaintiff judgment on the verdict for the damages assessed and for his costs. This is an appeal from such judgment.

*Charles A. Vilas,* for the appellant, cited sec. 1636—51, Stats. (Supp. 1906; Laws of 1905, ch. 305, sec. 5); *Mason v. West,* 61 App. Div. 40, 70 N. Y. Supp. 478; *Hannigan v. Wright,* 5 Pennewill (Del.) 537, 63 Atl. 234; note to *Christy v. Elliott,* 216 Ill. 31, in 1 L. R. A. N. s. 215; *Gregory v. Slaughter* (Ky.) 99 S. W. 247, 8 L. R. A. N. s. 1228; *Polsky v. N. Y. Transp. Co.* 96 App. Div. 613, 88 N. Y. Supp. 1024; *West v. N. Y. Transp. Co.* 94 N. Y. Supp. 426; *Lightfoot v. Winnebago T. Co.* 123 Wis. 479, 102 N. W. 30;

*Wills v. Ashland L., P. & St. R. Co.* 108 Wis. 255, 84 N. W. 998.

For the respondent there was a brief by *McCabe & Dahlman,* and oral argument by *Louis M. Dahlman.* They cited *Thies v. Thomas,* 77 N. Y. Supp. 276; *Buscher v. N. Y. Transp. Co.* 94 N. Y. Supp. 798; *Kathmeyer v. Mehl* (N. J. Law) 60 Atl. 40; *Spina v. N. Y. Transp. Co.* 96 N. Y. Supp. 270.

SIEBECKER, J. The plaintiff and the defendant were both using the street crossing as travelers, the former with his bicycle and the latter with his automobile. Each had a right to use it for this purpose with a reasonable regard to the rights of the other in his use of it. Under such circumstances the common-law rule controls them in their mutual duties, namely, each party was in duty bound, in view of the place and circumstances, to exercise reasonable care in the use of the crossing.

The jury found defendant guilty of negligence, that such negligence was the proximate cause of plaintiff's injuries, and that plaintiff was free from any want of ordinary care contributing to produce them. The defendant urges that the evidence shows that he was not guilty of any negligence proximately causing the collision and the consequent injuries to plaintiff. We do not find the evidence clearly and indisputably to this effect. The jury were fully warranted in finding that defendant's manner of using the street was wanting in ordinary care in view of his duty to so use it as not to collide with other travelers, and that he exceeded a reasonable rate of speed just prior to and at the time of the collision.

It is further claimed by the defendant that plaintiff was guilty of negligence *per se* in his use of the crossing and that such negligence contributed to produce his injuries. It is manifest from the evidence adduced that plaintiff either rode

near the north curbstone of Wisconsin street, near the outside rail of the north street-car track, or on a course between these extremes.    If he was riding near the curb, then it is apparent that he had the same opportunity to see defendant approaching to pass over the crossing that defendant had of seeing him and that he had an equal opportunity of avoiding a collision.    He had an open view to see defendant as soon as the automobile emerged from behind the car.    At this time plaintiff and defendant were so nearly equidistant from the point where they collided that plaintiff, in the exercise of ordinary care, could have observed defendant approaching and have avoided colliding with him.    We are led to the conclusion that if plaintiff was riding near the curb he was guilty of a want of ordinary care in not observing defendant and avoiding running into the automobile and that such negligence contributed to produce the collision.    If, on the other hand, plaintiff rode so near the street car that he was unable to see defendant in time to avoid colliding with his automobile after it emerged from behind the passing car, then he was guilty of culpable negligence, because he was bound to anticipate that the street crossing might be used by travelers either on foot or in vehicles, whose safety he necessarily imperiled by thus using the road.    Such a situation demanded of him a high degree of care and watchfulness for the safety of others by reason of the great liability of colliding with and injuring them.    Such conduct by plaintiff was imminently dangerous to others, and therefore was under the circumstances a want of that care that ordinarily careful persons exercise under the same or similar circumstances. From the physical facts surrounding the collision it appears that whichever way plaintiff used the street just before and at the time of the collision proves him negligent either in failing to keep a proper lookout and thus avoiding a collision with the defendant, or in so using the street near a passing street car in a manner and at a rate of speed as made it inevi-

table that he would collide with travelers emerging from behind street cars and attempting to pass over the crossing streets. It follows from the facts adduced that under the most favorable inference permissible respecting plaintiff's use of the street he was guilty of negligence *per se* which contributed to produce the injuries of which he complains, and that the court erred in denying defendant's motion to direct a verdict in the case and to dismiss the complaint.

*By the Court.*—Judgment reversed, and the cause remanded with directions to enter judgment dismissing the complaint.