THE PEOPLE OF THE STATE OF NEW YORK on Complaint of ELNORA STARVIS, Complainant, *v.* MAGGIE ROGERS, Defendant.

City Court of New Rochelle, March 24, 1939.

*Cohn & Cohn*, for the complainant.

*Jacob S. Ruskin*, for the defendant.

FASSO, J. The defendant is charged with assault in the third degree. On January 14, 1939, the complainant, while in New Rochelle, visited a restaurant operated by the defendant and her husband. The defendant has been married to her present husband for thirty-eight years, and is the mother of nine children. While the complainant was seated at a table in the restaurant the husband of the defendant approached the complainant and extended an osculatory greeting. It so happened that the defendant was in the vicinity, and her dignity ruffled and her prerogatives thus invaded, she seized a toothpick container and a sugar shaker, and with a rapidity worthy of even the most modern military maneuvers, she fired them, as she states, at her husband. Unfortunately, one of the missiles struck the complainant, who, from all that appears, was not a combatant. Some of the evidence, moreover, indicates that when the second object was thrown, the defendant was only a few feet away. The defendant, however, insists she was at long range, and that had she been nearer the target the missile would have found the mark for which it was intended.

Under the circumstances, it is perhaps fair to assume that the defendant threw the articles at her husband in a not unjustifiable endeavor forcefully to remind him of his marital status and the

duties thereby imposed upon him. The question arises whether or not the defendant is under the circumstances guilty of the crime with which she has been charged. The situation presented is not an unusual one, but neither the research of counsel nor that of the court has yielded a case decided in this State similar in its facts.

The defendant urges there was no intent to injure the complainant, and that in the absence of a specific intent to assault a particular person, the defendant is not guilty of the crime with which she has been charged. It is generally conceded that intent is necessary to constitute an assault. (*People* v. *Terrell*, 11 N. Y. Supp. 364; *Clayton* v. *Keeler*, 18 Misc. 488.) An assault, however, may be committed despite the absence of an intent to injure a particular individual. Under the provisions of our Penal Law, a person commits an assault when he willfully and wrongfully assaults another. There is no requirement that there exist a specific intent to do injury to the person assaulted. In the case at bar the complainant received a severe blow on the head, and had the blow been a fatal one, the defendant would have been guilty of manslaughter. Is she the less liable for her conduct because she is charged only with assault in the third degree? Although no case in point has been found in this State, the opinions of authorities on criminal law and cases in other jurisdictions indicate that the defendant is liable for her conduct. In volume 1, McClain on The Criminal Law, at page 205, it is stated: " An assault may be committed without intending to injure a particular person * *. * or by accidentally injuring another person than the one for whom the injury was intended. * * * Unlawful intent will be inferred from an illegal act." In volume 1, Wharton's Criminal Law, at page 195, the author states: " An assailant, therefore, in meditating an attack on another must contemplate the possibility of miscarriage." The case of *Reynolds* v. *Pierson* (29 Ind. App. 273) presents a factual situation somewhat similar to that now presented. In the *Reynolds* case, A had hold of B by the arm. The defendant came along and jokingly grabbed the arm of A, with the result that B's arm was jerked and injured. Although the defendant did not touch B, and never in a strict sense intended to injure him, the court held the defendant liable.

In the case at bar the conduct of the defendant was willful and wrongful, for she intended to do bodily harm, and as a result the complainant was injured. An assault was committed within the meaning of sections 242 and 244 of the Penal Law. There was an unlawful intent to do an illegal act. In view of the splendid reputation of the defendant, and the mitigating circumstances, sentence is suspended.