THE NEW JERSEY TRACTION COMPANY, PLAINTIFF IN ERROR, v. JOHN GARDNER, DEFENDANT IN ERROR.

In stating to the jury the degree of care owed by a horse railway company to a passenger who alights from a moving car, it is error to charge that "the defendant was bound to so control the speed of the car as to insure" the safety of the passenger.

. In tort.    On error to Supreme Court.

For the plaintiff in error, *Sherrerd Depue* and *Chauncey G. Parker.*

For the defendant in error, *Robert H. McCarter* and *Samuel Kalisch.*

The opinion of the court was delivered by

GARRISON, J.  The injury for which the plaintiff was awarded damages by the verdict below was received by him while stepping from the front platform of a moving horse car.  In his testimony at the trial the plaintiff thus describes his accident :

"I told him to stop, and as soon as he got near the corner, he put the brake on and slacked pretty near to a stop; when I got off with my left foot and was getting the other off, the car shot right ahead and ketched me by the left shoulder, and held me up against the car until I got in the middle; and then it threw me, and as it threw me, my left leg went over and I went over; that is the last I remember about it."

On this verdict we must assume that the jury believed that the driver, either from notification or by his own observation, knew that the plaintiff was about to alight, and that the speed of the car did in point of fact increase in such a manner as to cause the plaintiff's fall; and further, that the accident thus resulting was solely due to the failure of the driver to exercise that degree of care that the defendant under these circumstances owed to the plaintiff.

The high degree of care for the safety of passengers imposed upon common carriers was, of course, greatly modified by the fact that the plaintiff did not wait for the car to stop in obedience to his request before attempting to leave it. Inasmuch, however, as this was not necessarily negligence upon the part of plaintiff, the court below left to the jury the question whether, in the juncture thus presented, the driver of the car failed to exercise such residuum of care as the defendant still owed to the plaintiff under the circumstances.

The nature of the duty thus remaining was stated to the jury by the trial court in the following language, to which exception was taken and upon which error is specifically assigned :

"My charge to you, gentlemen, is that if the request was made of the driver to stop the car at First street, and, in seeming obedience to such request, the driver did slow up the car in such a manner as to induce the plaintiff to believe that the car was to be held in check for him to alight, and he acted in accordance with such invitation, then the defendant was bound to so control the speed of the car as to insure this safety. This was a duty imposed on the defendant. Failure to perform it—proof of failure to perform it—is proof of negligence."

In this use of the term "insure" there is legal error so patent that it appears to us in the light of a chance misuse of a word rather than as a misconception of the law upon the part of the trial judge. This is made still more clear by the fact that in stating generally the duty of the defendant the correct rule had been laid down in apt and unexceptionable language. The instruction in question, however, occurring as it did at the critical point of the charge, cannot be deemed to have been ignored by the jury, and it certainly was legally injurious to the defendant in that it increased its duty from that of reasonable caution under circumstances imposing at best one of the lower degrees of care to the highest degree known to law, viz., that of an insurer—if such a term, aside from express contract, finds any place in the ordinary rela-

tions existent between a common carrier and its passengers. There must be a *venire de novo.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, GARRISON, GUMMERE, MAGIE, REED, BOGERT, BROWN, SIMS.