HENRY W. SCHRAMM, BY NEXT FRIEND, DEFENDANT IN
ERROR, v. ELLIS PARKER, PLAINTIFF IN ERROR.

Submitted March 27th, 1905—Decided November 20th, 1905.

Where doubt exists as to whether a person is guilty of contributory
negligence in doing a particular act, alleged to be negligent, it is
a question for the jury whether such act, when taken in connection
with the other facts and circumstances in the case, is or is not an
act of negligence which contributed to the injury.

On error to the Supreme Court.

For the plaintiff in error, *William Early.*

For the defendant in error, *Joseph H. Gaskill.*

The opinion of the court was delivered by

FORT, J. This is an action of tort to recover for injuries
suffered by the plaintiff, a boy of nine years of age, by being
run into upon the public highway by a horse and wagon of
the defendant, driven by a servant of the defendant.

Only one question is raised, namely, did the trial judge
commit an error in refusing to charge the defendant's re-
quest "that if the jury find that the boy did not look for
wagons, before running toward the wagon, he is guilty of
contributory negligence and cannot recover."

Where there is doubt whether a person is guilty of negli-
gence which contributed to his injury, the question is for
the jury. *McLean v. Erie Railroad Co.,* 40 *Vroom* 57; *S. C.,*
41 *Id.* 337; *Deem. Neg.,* § 403.

The request in this case was too general. It asked the
court to tell the jury that if they found that the plaintiff
did not look for wagons in the street before running toward
a wagon he was, as a matter of law, guilty of negligence,
which contributed to his injury, if thereby he was injured.

But, it seems to me, whether he was so guilty or not might not depend solely upon that isolated fact in the case.

The evidence as to whether the plaintiff ran into, or even toward, the wagon which injured him, is conflicting. Upon it reasonable minds might differ.

But, conceding the proof establishes the fact that the boy did run toward the wagon, still proximity and the speed at which the vehicle was going, and all the other circumstances surrounding his act in running toward the wagon, are factors entering into the question of whether the mere act of running toward the wagon, without looking, was or was not an act of negligence which contributed to his injury. The court was not required to tell the jury that if they found but the single fact that the plaintiff ran toward the wagon, without looking, they must find, from that fact alone, without giving any force to the other fact and circumstances surrounding the act, that the plaintiff was guilty of negligence which contributed to his injury.

There was no error in refusing to charge as requested, and the judgment of the Supreme Court is affirmed.

*For affirmance*—FORT, GARRETSON, PITNEY, BOGERT, GREEN, GRAY. 6.

*For reversal*—THE CHANCELLOR, DIXON, VREDENBURGH, VROOM. 4.