BENEDICT MERKLINGER, ADMINISTRATOR, &c., OF GEORGE B. MERKLINGER, DECEASED, PLAINTIFF IN ERROR, v. ASHER LAMBERT, DEFENDANT IN ERROR.

Argued June 26, 1908—Decided November 16, 1908.

1. In an action against the owner of an automobile for the death of plaintiff's intestate while riding a bicycle, the court charged that, "if the accident would not have happened, excepting by reason of the joint negligence of the chauffeur and the bicyclist, the plaintiff cannot recover," and "it is for you to say whether, under the circumstances, you think this young man was guilty of negligence. If he was, and that negligence contributed to the accident, there can be no recovery." *Held*, that the court properly refused to charge that "for the negligence of the deceased to defeat the

plaintiff's right to recover, his negligence must have contributed to produce the injury," and "there must be a causal connection between the negligence of the plaintiff and the injury complained of, and it must be such that but for the plaintiff's negligence concurring with that of the defendant the injury would not have happened," and "conceding the proof established the fact that the bicycle did run towards the automobile, still proximity and the speed at which the automobile was going, and all other circumstances surrounding his act in running towards the automobile, are factors entering into the question of whether or not he was negligent," as the instructions requested were embodied in the charge.

2. In such an action, an instruction that, "if notwithstanding the negligence of the plaintiff, the injury would still have occurred, his right of recovery is not defeated," was properly refused, in that it fails entirely to consider that the defendant might not have been negligent, and the accident might have been wholly unavoidable.

3. The trial judge has an undoubted right to make such comments and expression upon the testimony as he thinks necessary for the direction of the jury, so long as he leaves the jury to determine the facts and draw their conclusion therefrom.

4. The questions submitted by the trial court to the jury should be within the issues raised by the pleadings.

On error to the Supreme Court.

Case tried at Essex Circuit, before Judge Heisley and a jury, and verdict rendered for defendant.

For the plaintiff in error, *Samuel Kalisch* and *Ralph E. Lum*.

For the defendant in error, *Edward M. Colie*.

The opinion of the court was delivered by

VROOM, J. The action was in tort and brought by the plaintiff as administrator of his deceased son, George B. Merklinger.

The cause of action, as laid in the declaration, was as follows: "The said defendant, by his servant, unlawfully, carelessly, negligently and improperly drove, run and propelled a certain automobile along Pennsylvania avenue, a public street

in the city of Newark, in the county of Essex aforesaid, so as
to run into and collide with the said George B. Merklinger,
deceased, who was then and there lawfully in and upon said
highway, and was then and there lawfully riding a bicycle
in, upon and along said highway, and by means whereof the
said George B. Merklinger was violently thrown and pushed
from said bicycle and then and there was run over by said
automobile, and then and there sustained mortal injuries, of
which said mortal injuries the said George B. Merklinger
died."

The accident in question happened on the morning of De-
cember 14th, 1905, in Pennsylvania avenue, in the city of
Newark, and between Wright street on the south and Emmett
street on the north. Pennsylvania avenue had a width of
forty-four feet seven inches from curb to curb; in the centre
of the avenue there were double trolley tracks, and the surface
of the avenue was paved with asphalt. It appeared that the
defendant's chauffeur was propelling the automobile on the
right-hand side of the avenue going south toward Wright
street, between the trolley tracks and the curb; that the width
between the outer rail of the trolley track and the curb was
fifteen feet and four inches. The plaintiff's intestate was rid-
ing a bicycle and was coming from Wright street toward Em-
mett; he was riding his bicycle also on the left-hand side of
the road, and the accident happened about the middle of the
block and when the automobile was close to the curb.

The testimony of the plaintiff's witnesses was that the acci-
dent was due to a collision between the automobile and the
bicycle of the deceased on which he was riding at the time
of the collision; one witness testifying that the automobile
and bicycle came together "face to face;" and another, while
describing the accident, said: "There is where they faced to-
gether; and it (the automobile) knocked him (the deceased)
off and knocked him under the machine."

The testimony on the part of the defendant disclosed that
the automobile and bicycle were on the same side of the
avenue, and the manner of the happening of the accident

was clearly stated by Thomas J. Butler, the defendant's chauffeur, as follows:

"I was coming down Pennsylvania avenue on the right-hand side, and I had the two left-hand wheels of the car running over the rail of the right-hand track, and as I got to Emmett street I noticed a bicycle rider coming towards me, and his wheel was between the same two rails that I had my two left-hand wheels, and as I noticed him, coming up between the rails, the asphalt was broken each side of the rails, and in order that he would not have to cross the rail, I just tooted the horn and turned my car to the right, toward the curb, thinking that he would come on up between the two rails, but just as I got my car straightened at the curb he turned in towards the curb to his left, and I thought he was going to make a stop at some of those houses; so I turned my car out again to the left, so that he could get at the curb, and as I did that he made another turn towards me, and I noticed that he was smiling; I thought maybe he was joking, or trying to fool me or something; then I pulled my clutch, that is, I took the power away from the car, you see, and turned to the right toward the curb again; and by this time we were quite close, and he made another turn right towards me again, and I put my brakes down and stopped the car inside of half a car length; but he found that he was in front of the car then, and he made one—seemed to make one last effort to get away—and his bicycle skidded, and he came down with a loud crash on the pavement, and he seemed to go head first under the car."

Three other witnesses, on the part of the defendant, testified as to the accident, one of whom said that the deceased turned off right in front of the automobile, but was uncertain whether the automobile struck the bicycle, or whether the bicycle fell without being struck. Another one saw the turns of the automobile and bicycle, as testified to by the chauffeur, and saw the bicycle fall with the deceased on it, and heard his head hit the asphalt, and also said that the wheel did not hit the automobile, and that the deceased fell off the wheel trying to turn, and that he was on the ground before

the automobile went over him. The third witness also testified to the turns of the automobile and the bicycle, and that the wheel slipped on the asphalt and that the man went over head foremost and slid right under the machine. The evidence was clear and uncontradicted that there was no mark or scratch on the automobile indicating a collision.

The issue made by the pleadings was the issue of fact presented by the testimony, the contention on the part of the plaintiff being that the automobile of the defendant was so negligently driven that it ran into and collided with the deceased while riding upon a bicycle, by means whereof he was thrown, or pushed, from the bicycle and run over by the automobile, while the defendant showed there was no collision; that the bicycle of the deceased slipped and fell, and with its rider slid under the automobile at the very moment the automobile stopped.

On the submission of the case to the jury a verdict was rendered for the defendant.

The plaintiff in error assigned thirteen errors, all either to the charge of the court or to the refusal of the trial court to charge as requested. Of these seven were relied upon by counsel in argument.

The first was the refusal of the court to charge a request as follows: "In order for the negligence of the deceased to defeat the plaintiff's right to recover, his negligence must have contributed to produce the injury."

The court declined to charge as requested, except as he had already charged; the court had charged that "if the accident would not have happened excepting by reason of the joint negligence of the chauffeur and the bicyclist, the plaintiff cannot recover," and "it is for you to say whether, under the circumstances, you think this young man was guilty of negligence. If he was, and that negligence contributed to the accident, there can be no recovery."

It is difficult to perceive that anything was said by the court that would have misled the jury, and that would call for the application, as contended by plaintiff in error, of the rule laid down in *New Jersey Traction Co.* v. *Gardner,* 29 *Vroom*

176. For, as was urged upon the argument, in considering whether there was any error committed, the substance of the whole charge on the subject must be looked at, and in doing this it will be apparent that there was no conflict or confusion in the charge. It was made distinct that the plaintiff could not recover if the accident would not have happened except by the joint negligence of the chauffeur and the bicyclist, or if the negligence of the deceased contributed to the accident. As was held in *Redhing* v. *Central Railroad Co.,* 39 *Id.* 641, "although sentences in a charge may, if read apart from their connection, need some qualification to render them accurate, yet if the qualification be given in the context so that the jury cannot reasonably be thought to have been misled by the charge, taken in its entirety, there is no error."

The second error assigned was to the refusal by the court to charge "there must be a causal connection between the negligence of the plaintiff and the injury complained of, and it must be such that but for the plaintiff's negligence concurring with that of the defendant, the injury would not have happened." This request was properly refused, for the very proposition had already been charged when the court said, "and if the accident would not have happened excepting by reason of the joint negligence of the chauffeur and the bicyclist, the plaintiff cannot recover."

The third error assigned was to the refusal of the judge to charge "if, notwithstanding the negligence of the plaintiff, the injury would still have occurred, his right of recovery is not defeated." This request was properly refused; it does not embody a correct proposition of law pertinent to the case, in that it fails entirely to consider the fact that the chauffeur might not have been negligent and the accident might have been wholly unavoidable.

The fourth error assigned was to the refusal of the court to charge that "the negligence of the plaintiff must have contributed to the occurrence of the injury, and not merely to its aggravation." This request also was properly refused; no facts appear in the case to which such a charge could be applied.

The fifth error assigned was to the refusal of the court to charge that "conceding the proof establishes the fact that the bicycle did run towards the automobile, still proximity and the speed at which the automobile was going, and all ôther circumstances surrounding his act in running toward the automobile, are factors entering into the question of whether or not he was negligent."

It was insisted by the plaintiff in error that the proposition thus stated was approved in law in the case of *Schramm* v. *Parker*, 43 *Vroom* 243, in this court. In that case it was held that "where doubt exists as to whether a person is guilty of contributory negligence in doing a particular act, alleged to be negligent, it is a question for the jury whether such act, when taken in connection with the other facts and circumstances of the case, is or is not an act of negligence which contributed to the injury." The court, in his charge, clearly had the principle thus laid down in his mind and applied it in the charge when he said, "and it is for you to say whether or not, under the circumstances, you think this young man was guilty of negligence." I think he clearly applied the principle of Schramm *v.* Parker, and there was no error in his refusal to charge as requested.

The sixth error assigned was to the charge of the court as follows: "If he saw, for instance, that this automobile was down very close to the curb on the right-hand side, and he tried to pass it by going to the left of it, between the automobile and the curb, there can be no recovery, because that would be of itself negligence, provided the distance between the curb and the automobile was so small that it would be apparent to an ordinary man that it would be hazardous for him to undertake to pass it in that way."

Counsel in support of this exception again relied upon the principle laid down in *Schramm* v. *Parker, supra;* but as already shown under the previous exception, the trial judge properly applied the principle of that case. What the trial judge said upon the facts was not subject to criticism. The language used was by way of illustration merely, and had been preceded by a clear and distinct charge that it was for

the jury to determine, under the circumstances of the case, whether the deceased was guilty of contributory negligence.

It cannot be disputed that the trial judge has an undoubted right to make such comments and expressions upon the testimony as he thinks necessary for the direction of the jury, so long as he leaves the jury to determine the facts and draw their own conclusion therefrom. *Foley* v. *Loughran,* 31 *Vroom,* 464; *Camden and Atlantic Railroad Co.* v. *Williams,* 32 *Id.* 646.

The last error assigned was also to the charge of the judge, as follows: "Now, this is the allegation of the plaintiff, that his son, the deceased, was injured by having this automobile collide with the bicycle, throwing the deceased on the ground and injuring him so seriously that he soon thereafter died. If the accident happened in any other way, the plaintiff cannot recover. If this bicycle slipped, and this young man fell onto the pavement without coming into collision with the automobile, he cannot recover in this action, because he has alleged in his pleadings that the accident occurred by reason of the collision with the automobile, and if it happened in any other way it is not a subject for your consideration in this suit. The burden is on the plaintiff to satisfy you that in all probability the accident happened as he contends it did."

It was contended for plaintiff in error that the gist of the case is presented by the allegations that the defendant negligently propelled a certain automobile along Pennsylvania avenue so as to run into George B. Merklinger, who was then lawfully in and upon said highway, whereby he was run over by the automobile and sustained mortal injuries. This would be equivalent to general charge of negligence, but it is not the case made by plaintiff in his pleadings. The declaration, as will be seen in the early part of this opinion, contains the distinct averment "that the said defendant, by his servant, unlawfully, carelessly, negligently and improperly drove, run and propelled a certain automobile * * * so as to run into and collide with the said George B. Merklinger, deceased, who was then and there lawfully in and upon said highway, and who was then and there lawfully riding a bi-

cycle in, upon and along said highway, and by means whereof the said George B. Merklinger was violently thrown and pushed from said bicycle." * * *

Having alleged a particular act of negligence, in order to maintain his action he must prove it as laid.

This rule seems well established in this state, as well as in foreign jurisdictions, as was pointed out in the well-considered brief of the defendant in error.

In the case of *Partridge* v. *Woodland Steamboat Co., 37 Vroom* 294, it was held in this court that "both in action of contract and tort this court has held that the trial court can only submit to the jury questions within the issue," following Mr. Justice Dixon, in *Excelsior Electric Co.* v. *Sweet, 30 Id.* 441, who said: "It is a cardinal rule for the control of a trial court that the questions submitted to the jury should be within the issues raised by the pleadings."

The following cases all lay down the same doctrine: *Martinez* v. *Runkle, 28 Vroom* 111; *Kent* v. *Phoenix Art Metal Co., 40 Id.* 532; *Murphy* v. *North Jersey Street Railway Co., 42 Id.* 5.

In my opinion the trial judge made no error in charging the jury that the plaintiff was bound to prove the injuries were sustained in the manner alleged in the declaration.

No error appearing upon the record, the judgment below is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.  16.

*For reversal*—None.