HELEN A. JURMAN, EXECUTRIX OF THE ESTATE OF JULIUS J. JURMAN, DECEASED, PLAINTIFF-RESPONDENT, v. SAMUEL BRAEN, INC., ETC., ET AL., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 25, 1965—Decided April 7, 1965.

302

Before Judges GAULKIN, FOLEY and COLLESTER.

*Mr. Nicholas Scalera* argued the cause for appellants (*Mr. George D. McLaughlin,* attorney).

*Mr. John P. Holly* argued the cause for respondent.

The opinion of the court was delivered by

FOLEY, J. A. D. Plaintiff recovered a judgment of $75,000 for wrongful death, and $900 for property damage to her decedent's automobile. Defendants appeal. Plaintiff cross-appeals from an order of the trial court apportioning the damages recovered in the death action between the widow and an infant child of her marriage to decedent, they being the sole surviving next of kin.

The accident from which the action arose occurred about 6 A. M. on April 9, 1962, at the intersection of Essex Street and Second Street in Hackensack, New Jersey, a right-angle intersection which is not controlled by traffic signals or signs. Dominick Gallitano, an employee of Braen, was operating a pickup truck owned by Braen, in the course of the latter's business, and was proceeding westerly on Essex Street. Jurman, the decedent, was driving a passenger car in a southerly direction on Second Street. The cars collided in the northwest quadrant of the intersection. Debris was found in this area by Sergeant Paolella and Officer Mellone of the Hackensack Police Department when they arrived at the scene shortly after the accident occurred. Photographs introduced by plaintiff without objection indicated that the entire front of the pickup truck and the left side of the passenger vehicle were smashed in as a result of the impact. When the cars came to rest the passenger vehicle was on a lawn adjacent to an apartment building on the southwest corner. The pickup truck which had been spun around by the impact was facing east on the southerly side of Essex Street, east of the intersection.

The only surviving eyewitness was Gallitano. When called as a witness by plaintiff he testified that as he approached Second Street at a speed of about 15 miles per hour, there was nothing to prevent him from "looking down" that street. He said that when he was about 50 feet from the intersection he looked to his right and saw nothing approaching within a distance of 75 feet from the intersection. He then proceeded into the intersection without further observation, and when he reached the center, "out of the shadow of [his] eye" he saw

a car coming "full speed." It was about three or four feet away, "so close [he] couldn't estimate." This was the first time he saw the Jurman car. He said also that when he first observed the car it was "right close" to Essex Street, and was "maybe" the length of "one or two cars" away. Again, he said it was "right in front" of him and that the accident happened a fraction of a second after he first saw it.

At the close of plaintiff's case defendants moved for a judgment of involuntary dismissal upon the grounds that plaintiff had failed to prove defendants' negligence, and that Jurman's contributory negligence had been established as a matter of law. The motion was denied. Defendants challenge that ruling.

On such a motion the trial court cannot weigh the evidence but must accept as true all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor. *Melone v. Jersey Central Power & Light Co.,* 18 *N. J.* 163, 170 (1955). Clearly, the evidence, as above outlined, was susceptible of inferences from which reasonable men could conclude that Gallitano had been negligent. As to the issue of contributory negligence, "[o]nly in the clearest case of contributory fault, where the contrary hypothesis is not fairly admissible, does the question become one of law for decisive action by the court." *Battaglia v. Norton,* 16 *N. J.* 171, 179 (1954). Without further discussion we conclude that the trial judge properly decided the motion for involuntary dismissal.

Defendants rested without introducing any evidence. Following the verdict defendants moved for a new trial alleging, *inter alia,* that the verdict was against the weight of the evidence. The motion was denied, and we think properly. It is well established that on such a motion the function of the trial court is only to determine whether the verdict is so contrary to the weight of the evidence as to give rise to an inescapable conclusion of mistake, passion, prejudice, or partiality, so that the evidence relied upon cannot serve to support

the judgment. *Hager v. Weber*, 7 *N. J.* 201, 210 (1951). Phrased differently, the trial court must determine whether reasonable minds might accept the evidence as adequate to support the jury verdict. *Kulbacki v. Sobchinsky*, 38 *N. J.* 435, 445 (1962). Upon a review of the trial judge's disposition of the motion for new trial we may not disturb his action unless it clearly and unequivocally appears it was a manifest denial of justice under the law. *Id.*, at *p.* 446; *Hartpence v. Grouleff*, 15 *N. J.* 545 (1954).

Defendants raise as plain error under *R. R.* 1:5–3(c) two portions of the judge's charge to which no objection was made at the trial. At the request of plaintiff the court charged as follows:

"* * * there is a presumption that a person was not negligent and was acting lawfully until that presumption is overcome by proof to the contrary.

With regard to the defendants' claim that the decedent was guilty of contributory negligence, you are instructed that the law presumes that at the time and place in question the decedent was using due care when he drove his car into the intersection. By due care is meant that he is presumed to have been doing what a reasonably prudent person would have done under the like or similar circumstances as they existed at the time."

There is no doubt that the presumption of the exercise of due care by a decedent is recognized as one which should be indulged in by the court on motions attacking the sufficiency of plaintiff's evidence, made either during the trial or on motion for new trial.

*Danskin v. Pennsylvania R. R. Co.*, 79 *N. J. L.* 526 (*E. & A.* 1910), seems to be the first case in which there was reference to this presumption. In that case decedent drove his wagon onto the railroad tracks and was struck by a train at an unguarded crossing. Defendant's motion for nonsuit was granted, and in reversing the court stated:

"No presumption of negligence upon the part of the decedent arises in such an action as the present one from the mere occurrence of the accident. [citing cases]
* * * * * * * *

In view of the *presumption of due care upon the part of the decedent*, we are of the opinion that this evidence left the question of his contributory negligence in doubt, and, in such case, it was for the determination of the jury. *McLean v. Erie R. Co.*, 40 *Vroom* 57, aff'd 41 *Id.* 337. The nonsuit was therefore erroneous." (at *pp.* 528-529; emphasis added)

Other cases in which the presumption was mentioned and used in rejecting an attack upon the sufficiency of the evidence are: *Bergmann v. Public Service Railway Co.*, 98 *N. J. L.* 487 (*E. & A.* 1922); *Lambert v. Emise*, 120 *N. J. L.* 164 (*Sup. Ct.* 1938); *Tate v. Costa*, 29 *N. J. Super.* 527, 531 (*App. Div.* 1954); *Bergquist v. Penterman*, 46 *N. J. Super.* 74 (*App. Div.* 1957), certification denied 25 *N. J.* 55 (1957); *Shutka v. Pennsylvania R. R. Co.*, 74 *N. J. Super.* 381 (*App. Div.* 1962); *Gluckauf v. Pine Lake Beach Club, Inc.*, 78 *N. J. Super.* 8 (*App. Div.* 1963).

However, we find no reported case in this State in which our courts have expressly decided whether a jury may be instructed concerning the presumption of a decedent's due care, and may consider it in resolving the issues of negligence or contributory negligence.

In determining whether or not a presumption should be submitted to a jury and weighed by it, consideration must be given to the nature and effect of the presumption. In *Heye v. Alpert*, 82 *N. J. Super.* 58, 62 (*App. Div.* 1964), certification denied 41 *N. J.* 601 (1964), this court held that the presumption of the exercise of due care by a decedent "is not a true presumption but simply another form of statement of the elementary proposition that decedent's contributory negligence will not be presumed at the outset of the proofs (even as the defendant's negligence) and that the defendant has the burden of proof on the issue." The court held further:

"[I]t has no inherent probative force. Its effect is simply to require defendant to come forward with proof permitting a fair inference of decedent's negligence (unless proof of that purport appears on plaintiff's own case). When defendant discharges that duty the presumption disappears as an evidential factor and the plaintiff has only such evidence in his favor as the facts and circumstances re-

flected by the proofs may generate independent of the presumption. [citing cases]. This is the standard Thayer rule[1] which is the law of New Jersey. * * *" (at *pp.* 62–3)

In dealing with this subject Professor McCormick writes:

"In this view presumptions are simply rules directing the judge when to drop, or refuse to drop, the final curtain on the drama of the jury trial, and they are nothing more. They would thus not need to be mentioned in the court's charge at all. This is an attractive solution and seems to be advocated as a general practice by Chamberlayne, and by some modern opinions. Thus, Judge Learned Hand recently said: 'If the trial is properly conducted, the presumption will not be mentioned at all.' "[2] *McCormick, Evidence,* § 314, *pp.* 663–664 (1954).

In 15 *Wash. L. Rev.* 71 (1949), Dean Judson F. Falknor pointed out that where the burden of proof of contributory negligence is cast upon defendant (as it is in New Jersey), plaintiff's action may go forward in the first instance without the necessity of any evidence in plaintiff's behalf on the issue, and consequently there is no necessity for the use of a presumption. He noted that the presumption of due care probably had its origin in jurisdictions where the burden of proof of showing the absence of contributory negligence is upon plaintiff.

We are satisfied that in the circumstances of this case the instruction that "the law presumes that at the time and place in question the decedent was using due care when he drove his car into the intersection," was error. Clearly, the jury was permitted to treat the presumption as evidence and to apply it in counter-balancing the proof of plaintiff's contributory negligence, *viz.,* the point of impact and Gallitano's testimony that decedent's car was being operated at "full speed."

 We believe that while the presumption may serve a useful purpose when considered by the court on motions which would remove the issue of negligence or contributory

---

[1] *Thayer, Preliminary Treatise on Evidence, pp.* 336–339 (1898).

[2] *Alpine Forwarding Co. v. Pennsylvania R. Co.,* 60 *F. 2d* 734, 736 (2 *Cir.* 1932).

negligence from jury consideration, the presumption should be confined to that area of judicial action. We think, as did the court in *Hutton v. Martin,* 41 *Wash.* 2*d* 780, 252 *P.* 2*d* 581 (*Sup. Ct.* 1953), that the usual charge on burden of proof as applied to both parties furnishes adequate protection to a deceased person as well as to a living person.

We are also of the opinion that in the future the court in the ordinary negligence case should not even charge the jury (as has been common in the past) that there is a presumption against negligence and contributory negligence.

The next question is whether or not the challenged instructions were plain error under *R. R.* 1:5–3(c), which permits the court to notice plain errors affecting the substantial rights of a party, although they are not brought to the attention of the trial court. In the present case it is evident that the presumption of decedent's due care was a formidable factor in the jury's thinking. After the jury had been deliberating for some time it sent the following request to the trial judge:

"Members of the jury request rereading of judge's charge concerning the presumption of Mr. Jurman's prudent driving."

The court recalled the jury and charged:

"There is a presumption that a person was not negligent and was acting lawfully until that presumption is overcome by proof to the contrary."

The court then asked whether this statement answered the jury's question or whether they would like a formal charge on the point. A juror stated that it did not answer the question to his satisfaction and the following took place:

"THE COURT: Then I will supplement that part of the charge with a little more explanation to have it clear in your minds.

The rule of law in respect to negligence is, that negligence is never presumed. It is never presumed that a person was negligent. Negligence must be proved by the party asserting that the other is negli-

gent, and as I told you, the burden of proof is upon the person asserting that another is negligent, that that other is negligent.

The burden of proof is by a preponderance of evidence, the greater weight of the credible testimony.

Negligence is never presumed. In fact, there is a presumption against negligence. It must be presumed in the first instance that a person is not negligent, did not act negligently. That is the correct presumption.

Now, negligence may be inferred, however, from facts, in proof of it, if the facts are shown from which negligence may be inferred. Then a jury, the triers of the facts, may infer negligence, but it is never presumed and in fact a person charged with negligence, merely charged with negligence, is presumed in the first instance not to be negligent. There is a presumption against it. The presumption is that the person acted properly, correctly, legally, lawfully. That is the presumption.

Then the burden is upon the person asserting that person negligent or asserting that a person is contributorily negligent, to prove the negligence, to prove the contributory negligence, prove facts in support of the contention of negligence or contributory negligence, prove such facts on which a jury may infer from those facts that they find there was negligence or contributory negligence.

Does that answer your question?

JUROR: I think so.

THE COURT: Does it answer your question? The place you are not clear with respect to the law?

JUROR: Yes.

THE COURT: All right. Return and continue your deliberations."

In view of the importance which the jury obviously attached to the presumption we are convinced that the initial instructions were prejudicial and substantially affected the rights of defendants, and that the subsequent instructions did not cure the error or lessen its harmful effect. Accordingly, the judgment is reversed.

Although the foregoing is dispositive of defendants' appeal, since the case may be retried we deem it advisable to take note of another portion of the court's charge which is challenged by defendants as plain error under *R. R.* 1:5–3 (c), *supra*. At the plaintiff's specific request the court charged the jury as follows:

"You are instructed that a person driving a motor vehicle on a street approaching an intersecting street is under a duty to maintain a *continuing observation* for vehicles approaching the intersection,

and that he must have his vehicle under control so that he may bring it to a stop, if necessary." (Emphasis added)

This was error. See *LeBavin v. Suburban Gas Co.*, 134 N. J. L. 10 (*E. & A.* 1945).

Broadly speaking, one circumstanced as was defendant is bound in the exercise of due care to make such observations of traffic either approaching him, or moving across his path at an intersection from either direction, as a reasonably prudent person would be expected to make. The nature, extent and direction of his observations are matters for jury consideration as it tests his conduct by the "reasonable man" standard. The implication of the instruction was that Gallitano, having testified that he looked to his right when 50 feet from the intersection, saw nothing approaching within the 75-foot range of his vision and proceeded without looking again, as a matter of law was required to make a "continuing observation." This plainly intruded on the jury's function of deciding whether or not the observations he testified to were sufficient. Whether this constituted plain error we need not decide. Suffice it to say that if the case is retried the criticized instruction should be avoided.

Our disposition of defendants' appeal makes moot the question of the apportionment of the verdict between the widow and the next of kin. We point out, however, that N. J. S. 2A:31–4 (*L.* 1960, *c.* 194) broadens the determination of the apportionment or distribution where the persons entitled to take intestate personal property are dependents of decedent at his death. In our judgment the apportionment here did not follow the statute. In this connection we are also of the view that on a proceeding for apportionment the interests of all affected minors should be protected by guardians *ad litem*.

Reversed and remanded for new trial.